J-S41036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN HARDY CARTER, | |
| Appellant | No. 172 MDA 2015 |

Appeal from the Judgment of Sentence September 26, 2014
in the Court of Common Pleas of Lancaster County
Criminal Division at Nos.: CP-36-CR-0000422-2014
CP-36-CR-0000431-2014
CP-36-CR-0000439-2014
CP-36-CR-0000453-2014
CP-36-CR-0000463-2014
CP-36-CR-0000467-2014
CP-36-CR-0003374-2014
CP-36-CR-0003375-2014
CP-36-CR-0003376-2014
CP-36-CR-0003377-2014

BEFORE:  ALLEN, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                      **FILED JULY 15, 2015**

Appellant, John Hardy Carter, appeals from the judgment of sentence imposed following his entry of two open guilty pleas to thirty-five criminal offenses he committed in Lancaster and York Counties.  Appellant challenges the discretionary aspects of his sentence.  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

We take the relevant factual and procedural history of this case from the trial court's December 18, 2014 opinion and our independent review of the record. This case arises from Appellant's several week long crime spree during which he robbed and burglarized numerous businesses and homes. Appellant brandished a firearm during several of the incidents, and he sometimes acted with other co-defendants. He fired a handgun during one of the robberies, and the bullet narrowly missed a store clerk. Following his arrest, and while in prison, Appellant formulated a failed plan to escape from his preliminary hearing by soliciting a cohort to assault the Pennsylvania State Constable taking him to the hearing.

On June 26, 2014, Appellant entered an open guilty plea to numerous counts of burglary, robbery, theft, and related charges, along with a count of criminal solicitation at six separate Lancaster County docket numbers.[1] The trial court ordered preparation of a supplement to an existing pre-sentence investigation (PSI) report. Prior to sentencing, four companion cases from York County[2] involving multiple counts of burglary, robbery and related charges were transferred to Lancaster County for resolution because they arose from the same course of conduct during the same time-period. ***See***

---

[1] Docket Nos. 0422-2014, 0431-2014, 0439-2014, 0453-2014, 0463-2014, and 0467-2014.

[2] Docket Nos. 3374-2014, 3375-2014, 3376-2014, and 3377-2014.

Pa.R.Crim.P. 555. Appellant entered an open guilty plea to these offenses on September 17, 2014.

On September 26, 2014, the trial court held a hearing on the Lancaster and York County cases, and it sentenced Appellant to an aggregate term of not less than forty-three and one-half nor more than ninety-five years' incarceration.[3] Appellant filed a timely post-sentence motion to modify sentence on October 6, 2014. On December 18, 2014, the trial court entered an opinion and order denying Appellant's post-sentence motion. This timely appeal followed.[4]

Appellant raises one issue for our review:

> 1. Did the [trial] court impose an unreasonable sentence which contravenes the policy underlying the Sentencing Code where the sentence is manifestly unreasonable, focuses solely on the seriousness of the offense without considering any mitigating factors, is not an individualized sentence and appears to be the result of partiality, prejudice, bias or ill will?

(Appellant's Brief, at 4).

Appellant challenges the discretionary aspects of his sentence. However, "[t]he right to appeal the discretionary aspects of a sentence is not

---

[3] At the time of sentencing, Appellant was twenty-two years old. (*See* N.T. Sentencing, 9/26/14, at 19). He already was serving sentences for other offenses he committed in Lancaster and Berks Counties. (*See id.* at 37; Commonwealth's Brief, at 5).

[4] The trial court did not order Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On January 20, 2015, it entered an order relying on its December 18, 2014 opinion and order. *See* Pa.R.A.P. 1925(a).

absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super.

2011) (citation omitted).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence[, ***see*** Pennsylvania Rule of Appellate Procedure 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Edwards***, 71 A.3d 323, 329-30 (Pa. Super. 2013),

*appeal denied*, 81 A.3d 75 (Pa. 2013) (citation omitted).

Here, Appellant has complied with the first three requirements because

he filed a timely notice of appeal, preserved his claim in a timely post-

sentence motion, and included a Rule 2119(f) statement in his brief. ***See***

***id.***

> With respect to the fourth requirement:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exits only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013), *appeal*

*denied*, 77 A.3d 1258 (Pa. 2013) (citations and quotation marks omitted).

In his Rule 2119(f) statement, Appellant concedes that the sentences imposed on the individual counts were within the standard range of the sentencing guidelines. (*See* Appellant's Brief, at 8, 10). However, he maintains that the aggregate sentence imposed is excessive and constitutes too severe a punishment. (*See id.* at 8-9). He contends that the court ignored mitigating factors including his young age and his potential for rehabilitation, resulting in a sentenced that is not individualized. (*See id.* at 9-10, 14).

We are mindful that "a sentencing court generally has discretion to impose multiple sentences concurrently or consecutively, and a challenge to the exercise of that discretion does not ordinarily raise a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014) (citations omitted). However, "this Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Id.* (citations omitted). Therefore, we will address the merits of Appellant's claim.

Our standard of review in sentencing matters is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Clarke*, 70 A.3d 1281, 1287 (Pa. Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014) (citation omitted).

"[T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Therefore, "a sentencing court must formulate a sentence individualized to that particular case and that particular defendant." *Clarke*, *supra* at 1287 (citations and internal quotation marks omitted).

In the instant case, at the sentencing hearing, the court heard a statement from Appellant and argument from defense counsel and the Commonwealth. (*See* N.T. Sentencing, 9/26/14, at 7-17). The court acknowledged the contents of several victim-impact statements and made the PSI report a part of the record. (*See id.* at 6, 13, 18, 31). It explained its rationale for the aggregate sentence as follows:

> I have been reviewing all of this information; reviewing each criminal complaint and affidavit of probable cause; reviewing each criminal information; reviewing everything in the pre-sentence investigation report; certainly reviewing the statements of the victims that have been offered; trying to discern [Appellant's] motivation or path. And two things more than anything else stand out to me.
>
> Within mere months . . . of being released on the York County charges, which were serious charges and would have called for state time, [Appellant] resumed his prior activities, and he did so with an enthusiasm and apparent lack of any introspection of what he had been through in the juvenile system, what he had been through in the York County Prison

- 6 -

system, and certainly without ever appearing to stop and think about what he had done, maybe it was only minutes before in any of these given robberies or burglaries, never once pausing to stop this headlong flight, criminal behavior.

And I am now faced with someone who is serving a state sentence imposed by this [c]ourt [by] my colleague . . . back in September. . . .

. . . [Appellant], you are capable of great danger. And in your headlong flight through life, you take no care for what you leave behind you and I cannot risk anyone else's safety, security, possessions, peace of mind by disregarding the fact that you are a very, very dangerous man.

And to say that about a 22-year-old, frankly, pains me. But I look at everything in front of me. . . .

To get my mind and my sense of fairness and justice for these victims around this has been very difficult.

The easiest thing, other than math, would simply be to make every single [sentence] consecutive. But I don't think that takes into proper account the individual nature of the dockets, the individual nature of the various offenses.

I think the tipping point comes for me when on recorded prison phone calls you try and plan with your girlfriend to dispose of evidence and embark on this plan to have . . . [a] breakout from [a] [magisterial district justice] hearing[.] . . .

. . . And I say whether it is immaturity or simply no motivation on your part to view your conduct and grow from it in a positive way, I cannot and will not risk guessing that this time maybe the jail time has made a little difference in you.

And as I say, in trying to fashion the sentences, it has not been easy, because I want each victim to feel that I have really looked at their facts and that I appreciate that the things you may have taken and the mayhem you may have left behind for them to find are nothing compared to that sense of safety and security they should have when they're at home or when they're at work.

And knowing that your ego or your compulsion is such that doesn't stop you from flashing the gun and firing the gun, means that whatever the controls are on that kind of behavior, you don't have them. . . .

The idea of confining a young man to a State Correctional Institution for an extended period of time, for what will largely be the better part of his life, is not something that I do with any sense of satisfaction or any sense of ill will towards you as a human being, but it is consistent with my duty to stop and think about the magnitude of the crimes, how they have affected those direct and indirect victims, how the community can be protected, and how others can be deterred when the [c]ourt makes a strong statement that behavior of this kind will not be countenanced in a civilized society, because it is the civilized society that is entitled to the greater consideration.

You say that reading the papers you feel that the papers paint you as a monster. [Appellant], I want you to know that I don't see you as a monster. I see you as a troubled young man, but I also see you as a dangerous young man. And I don't see any indication from your past that you've had any interest in ameliorating that danger.

(*Id.* at 17-21).

Thus, the record reflects that the trial court reviewed extensive documentation regarding this case, carefully considered the individual sentences, and exercised discretion in declining to run all of the sentences consecutively. The court's comments at sentencing demonstrate that it took into account Appellant's young age and was "pain[ed]" by it. (*Id.* at 19).

Further, "where, as here, the sentencing court had the benefit of a pre-sentence investigation report, we can assume [it] was aware of relevant information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v.***

*Rhoades*, 8 A.3d 912, 919 (Pa. Super. 2010), *appeal denied*, 25 A.3d 328 (Pa. 2011), *cert. denied*, 132 S. Ct. 1746 (2012) (citation and internal quotation marks omitted). While the trial court acknowledged that Appellant's aggregate sentence is lengthy, (**see** Trial Court Opinion, 12/18/14, at 7), we agree with the court that it is not manifestly excessive and Appellant is not entitled to a "volume discount" for his numerous crimes. *Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995); **see also Commonwealth v. Caldwell**, 2015 WL 3444594, at *6 (Pa. Super. May 29, 2015) *(en banc)* (holding court did not abuse its discretion in imposing consecutive sentences resulting in lengthy aggregate sentence where appellant stole money from his neighbor's apartment and fired gunshots at him on a crowded street). Accordingly, after review of the record, we conclude that the trial court did not abuse its discretion in imposing Appellant's sentence. **See Clarke**, **supra** at 1287. Appellant's sole issue on appeal does not merit relief.

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/15/2015